**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JAMES M. CHAMBERS, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-338 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| DAVID NICKERSON *et al.*, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| Defendants. | : | |
| | : | |

---

**ENTRY AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND (DOC. NO. 4)**

---

Presently before the Court is Plaintiff James M. Chambers' ("Plaintiff") Motion to Remand (the "Motion") (Doc. No. 4). Plaintiff initially filed this matter in the Common Pleas Court for Montgomery County, Ohio, alleging a variety of claims against Defendants David Nickerson ("Defendant Nickerson"), Nicole Adkins ("Defendant Adkins"), Timothy Back ("Defendant Back"), Melissa Sexton ("Defendant Sexton"), Robert L. Anderson ("Defendant Anderson"), Shannon M. Bemis ("Defendant Bemis"), the Municipality of New Lebanon ("Defendant Municipality"), and two John Does (collectively, "Defendants"). (Doc. No. 3 at PageID 52–53.) Plaintiff's Complaint raises a total of nine causes of action, including five common law claims, three Ohio state law claims, and one claim arising under federal law. (*Id*. at PageID 58–65.) By his present Motion, Plaintiff seeks to have this matter remanded to Ohio state court, arguing the state law issues in this case substantially predominate over the single federal law claim. (Doc. No. 4 at PageID 67, 69.) In their Notice of Removal (the "Notice"), Defendants submit the following bases for federal jurisdiction: federal question jurisdiction pursuant to 28 U.S.C. § 1331

1

as to the federal law claim and supplemental jurisdiction under 28 U.S.C. § 1367 as to all other claims. (Doc. No. 1 at PageID 1.)

As set forth below, because the Court does not believe Plaintiff's state law claims substantially predominate over his federal claim, the Court **DENIES** Plaintiff's Motion to Remand (Doc. No. 4).

## I. BACKGROUND

This matter stems from an employment dispute between Plaintiff and Defendants. (Doc. No. 3 at PageID 54.) According to the Complaint, Plaintiff was once employed by Defendant Municipality and worked at the New Lebanon Police Department. (*Id*.) Plaintiff began his employment as an auxiliary police officer and eventually rose to the rank of Acting Police Chief. (*Id*.) Shortly after his promotion, Plaintiff was tasked with investigating an alleged incident involving unlawful entry into the Village of New Lebanon's administrative offices. (*Id*. at PageID 55.) In accordance with his assignment, Plaintiff reviewed surveillance footage, whereupon he discovered purportedly suspicious footage of various defendants in their vehicles. (*Id*.) Although the investigation proved fruitless, certain defendants were apparently displeased with Plaintiff's investigatory efforts. (*Id*.) For instance, at the conclusion of his investigation, Defendant Sexton allegedly approached Plaintiff and accused him of harassment and intimidation. (*Id*.) Following this incident, Defendants held a council meeting, where certain defendants allegedly "made defaming and false statements accusing Plaintiff of misconduct for his . . . investigation." (*Id*.)

On a separate occasion, a detective unassociated with the instant suit filed a civil rights complaint with the New Lebanon Police Department. (*Id*.) Evidently, a conflict of interest existed, so the matter was transferred to a different department, the Montgomery County Sheriff's Office. (*Id*.) Shortly thereafter, Defendant Anderson, manager for the Village of New Lebanon, allegedly

emailed Plaintiff ordering that he release the complaint, but Plaintiff "declined to comply because the Montgomery County Sheriff's Office was investigating the matter." (*Id*. at PageID 54–55.) On another occasion, Plaintiff received a "Letter of No Confidence" from the Patrol Union of the New Lebanon Police Department. (*Id*. at PageID 56.) According to Plaintiff, that letter evinced a "lack of trust in the leadership and conduct" of certain defendants. (*Id*.) In essence, Plaintiff submits the letter exposed ostensibly subpar conduct on the part of various defendants. (*Id*.) Plaintiff further avers he transmitted the letter to all members of the Village of New Lebanon Council, some of whom were Defendants, and invoked his right to protections afforded him by the Ohio Whistleblower Law. (*Id*.)

Shortly thereafter, Plaintiff fell ill and notified Defendant Anderson of his intent to use his sick leave, as was permitted by work policy. (*Id*.) Plaintiff contends his "stress-related symptoms [were] directly related to the actions and conduct of Defendants which required Plaintiff to utilize accrued sick leave to seek necessary medical treatment." (*Id*.) As a result of those same symptoms, Plaintiff allegedly informed Defendant Anderson he was unable to perform his duties as Acting Police Chief and, therefore, needed to utilize his accrued leave until his next doctor's appointment. (*Id*.) In addition, Plaintiff submitted an application under the Family and Medical Leave Act ("FMLA") due to his stress-related hiatus. (*Id*. at PageID 56–57.) Not long after his submission, Plaintiff allegedly "received a written notice of termination without any further communication by Defendants and without a pretermination *Loudermill* hearing." (*Id*. at PageID 57.) Under the section designated for grounds for termination, Plaintiff's termination notice simply states he was terminated "for cause," or alternatively, because he was an "at-will" employee. (*Id*.) Believing his discharge to be unfounded, Plaintiff appealed his termination, to no avail. (*Id*.) Ultimately, the Appeals Board of New Lebanon upheld Plaintiff's termination. (*Id*.)

On September 12, 2025, Plaintiff filed the present suit in the Montgomery County Common Pleas Court, arguing his termination was improper both procedurally and substantively. (*See generally* Doc. No. 1-2.) Plaintiff's claims all involve his allegedly retaliatory termination and the circumstances surrounding it. (Doc. No. 3 at PageID 58–65.) In his Complaint, Plaintiff raises five common law claims including breach of contract, deprivation of due process rights, defamation, promissory estoppel, and malicious prosecution; three Ohio state law claims for tortious interference with an employment relationship in violation of R.C. 124.11, civil conspiracy "in violation of multiple provisions of the Ohio Revised Code . . . and [t]he Ohio Constitution," and retaliation in violation of the Ohio Whistleblower Act, R.C. 4113.52; and finally, one federal law claim for a violation of the FMLA. (*Id*.) Pursuant to 28 U.S.C. § 1441 and § 1446, Defendants timely removed the action to this Court on October 9, 2025. (Doc. No. 1.) Plaintiff filed his Motion to Remand on October 30, 2025. (Doc. No. 4.) Defendants responded on November 13, 2025 (Doc. No. 6), and Plaintiff did not file a reply. Consequently, the instant matter is ripe for disposition.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, lower federal courts can adjudicate cases about only "those subjects encompassed within a statutory grant of jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)). A court may have federal question jurisdiction for cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In

4

addition, "[a] court may exercise supplemental jurisdiction over state law claims on the basis of federal claims only if the state and federal claims share a 'common nucleus of operative facts.'" *Peters v. Cars To Go, Inc.*, 184 F.R.D. 270, 274 (W.D. Mich. 1998) (internal quotation marks and citation omitted). "Whether a cause of action arises under federal law must be apparent from the face of the 'well-pleaded complaint.'" *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citation omitted). The burden of establishing jurisdiction falls on the removing party. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2000).

### III.  ANALYSIS

As mentioned, Defendants' basis for removal as to the FMLA claim is derived from federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367 as to all eight common law and state law claims. (Doc. No. 1 at PageID 1.) Plaintiff's argument in favor of remand boils down to this: the Court should remand this case because the eight state law claims substantially predominate over the one federal law claim. (Doc. 4 at PageID 69.) Alternatively, Plaintiff highlights the Court's discretionary power in remanding a case, arguing the exercise of such discretion is appropriate here. (*Id*. at PageID 70–71.) Defendants, meanwhile, believe the state law issues do not substantially predominate over the one federal claim, and in fact, remand would be counterintuitive because the Court has supplemental jurisdiction over the state law claims. (Doc. No. 6 at PageID 91.) According to Defendants, the federal law claim, albeit outnumbered by the state law claims, stems from the same nucleus of operative facts as the state law claims—that being, Plaintiff's allegedly retaliatory termination and the circumstances leading up to it. (*Id*. at PageID 92.) In all, Defendants urge the Court to retain the entire case by exercising federal question jurisdiction as to Plaintiff's FMLA claim and supplemental jurisdiction as to all other claims. (*Id*.)

5

### A. Subject Matter Jurisdiction

As a threshold matter, the Court first turns to the question of subject matter jurisdiction. Plaintiff does not argue—nor does the Court believe—it lacks original jurisdiction to hear Plaintiff's FMLA claim; instead, Plaintiff requests that the Court "decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c) and remand the entire action to state court." (Doc. No. 4 at PageID 69.) Thus, the Court first addresses whether the exercise of supplemental jurisdiction over the eight state law claims is appropriate here.

"[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Courts have ubiquitously understood this provision to mean that "a federal court may exercise supplemental jurisdiction over the state claim so long as it 'derive[s] from' the same 'nucleus of operative fact' as the federal one." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025) (alteration in original) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). In other words, if "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Gibbs*, 383 U.S. at 725.

Here, Plaintiff's federal and state law claims undoubtedly emanate from a common nucleus of operative fact. All nine of Plaintiff's causes of action stem from his termination and the allegedly hostile events which led to it. Remand, therefore, would be both illogical and counterproductive. *Contrast Smith v. Meijer of Ohio, Inc.*, 566 F. Supp. 113 (S.D. Ohio 1983) (declining to exercise supplemental jurisdiction over plaintiff's state claims where factual issues relevant to plaintiff's state claims were inapplicable to the federal claim), *with Carmicle v. BJI Holdings, LLC*, No. 14-

CV-00286, 2014 WL 2781158 (W.D. Ky. June 19, 2014) (denying plaintiff's motion to remand where the federal claims, although outnumbered by the state claims, all stemmed from plaintiff's termination). Plaintiff seems to believe his state law claims "will require extensive factual development and legal analysis distinct from the FMLA claim." (Doc. No. 4 at PageID 70.) What facts apply exclusively to Plaintiff's FMLA claim? Plaintiff's Motion does not say. The Court is inclined to believe Plaintiff does not point to a distinction because one does not exist. That said, the Court finds that all nine of Plaintiff's claims, federal and state law alike, stem from a common nucleus of operative fact, and therefore, the exercise of supplemental jurisdiction over Plaintiff's eight state law claims is appropriate in this case.

### B. Substantial Predomination

As a prefatory note, the Court finds it important to acknowledge that Plaintiff petitions for remand of the entire case, as opposed to only his state law claims. (*See* Doc. No. 4 at PageID 69, 71.) While Plaintiff's Motion seeks remand pursuant to § 1367(c)(2), the supplemental jurisdiction statute, based on the substantial predomination of his state claims, Defendants' Response addresses remand under § 1441(c)(2), the removal statute. (*See* Doc. Nos. 4 at PageID 69; 6 at PageID 92.) This distinction is noteworthy because while § 1367 authorizes remand of an entire case (federal claims included), § 1441 only authorizes remand of improperly removed state law claims. *Compare Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) ("In all those contexts [under § 1367(c) providing for discretionary remand], federal law is not where the real action is. So although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) *kick the case* to state court." (emphasis added)), *with Harris v. NewRez, LLC*, No. 19-CV-02211, 2019 WL 3254800, at *5 (W.D. Tenn. July 19, 2019) ("Section 1441(c)(2) requires a district court to sever any removed claims over which it does not have original or supplemental jurisdiction and remand them back to the state court from which

they were removed." (citing 28 U.S.C. § 1441(c)(2))). The Court refrains from addressing § 1441 for two reasons. First, Plaintiff does not seek remand pursuant to § 1441(c)(2); he seeks remand pursuant to § 1367(c)(2). (*See* Doc. No. 4 at PageID 69.) Second, § 1441 only applies to claims "not within the original *or supplemental jurisdiction* of the district court . . . ." 28 U.S.C. § 1441(c)(1)(B) (emphasis added). And as described above, the Court does indeed have supplemental jurisdiction over Plaintiff's state law claims, so Defendants' espousal of § 1441 is inapposite.

Having determined the Court has subject matter jurisdiction over the case in its entirely, it next turns to whether the state law claims substantially predominate over the federal claim, thereby justifying discretionary remand. Even where courts have the power to exercise supplemental jurisdiction, they may, in their discretion, decline to exercise supplemental jurisdiction over a state law claim where:

> (1) the claim raises a novel or complex issue of state law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)–(4). Plaintiff's argument is rooted in the second circumstance—that his state law claims substantially predominate over his FMLA claim. The Court disagrees.

"In determining whether state law claims substantially predominate over federal law claims, a district court should compare state and federal claims 'in terms of proof, the scope of the issues raised, or the comprehensiveness of the remedy sought.'" *Filing v. Phipps*, No. 07-CV-1712, 2008 WL 11380153, at *7 (N.D. Ohio Oct. 17, 2008) (quoting *Gibbs*, 383 U.S. at 726). Furthermore, "[s]tate law claims substantially predominate 'when it appears that the state law

8

claim constitutes the real body of a case, to which the federal claim is only an appendage.'" *Id*. at *8 (quoting *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006)). Importantly, where "the state law claims have the edge in numbers, this simple fact does not necessarily mean that the state law claims 'substantially predominate.'" *Detroit Edison Co. v. Michigan Dep't of Env't Quality*, 29 F. Supp. 2d 786, 793 (E.D. Mich. 1998). Overall, "[a]lthough there appears to be no definitive test to determine whether state law predominates over federal claims, courts have considered such factors as whether they outnumber the federal law claims; whether the claims are distinct; and whether [the] state-law claims involve proof that is not needed to establish the federal law claims." *Williamson v. Recovery Ltd. P'ship*, No. 2-06-292, 2009 WL 649841, at *9 (S.D. Ohio Mar. 11, 2009).

Here, although Plaintiff's federal claim is irrefutably outnumbered, Plaintiff's state claims do not substantially predominate over his FMLA claim. On the contrary, all of Plaintiff's claims seem to be inextricably intertwined. In fact, Plaintiff dedicates at least one paragraph beneath each count to a description of his allegedly unlawful termination. (*See* Doc. No. 4 at PageID 58–65.) The factual scope of each claim, therefore, is practically identical. Nor is the scope of the applicable law for each claim altogether dissimilar. *Compare Overley v. Covenant Transp., Inc.*, 178 F. App'x 488, 494 (6th Cir. 2006) ("To make out [an FMLA] claim, a plaintiff must show that: (1) she is an eligible employee; (2) the defendant is an employer as defined under the statute; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employee was improperly denied benefits to which she was entitled."), *with Lanzer v. Louisville*, 2016-Ohio-8071, 75 N.E.3d 752, ¶ 44 (5th Dist.) ("In Ohio, the elements of tortious interference with employment relationship are as follows: 1) the existence of an employment relationship between plaintiff and the employer; 2) the defendant was

9

aware of this relationship; 3) the defendant intentionally interfered with this relationship; and 4) the plaintiff was injured as a proximate result of the defendant's acts."). Given the factual and legal similarity of Plaintiff's claims, it takes no logical leap to imagine the proof required to establish Plaintiff's claims is appreciably analogous. What's more, Plaintiff seeks the same remedies for each claim—economic damages and reinstatement of his position at the New Lebanon Police Department. (*Id.* at PageID 65.) The Court thus struggles to see how Plaintiff's state claims are so distinct so as to predominate over his FMLA claim and justify discretionary remand.

### C. Other Discretionary Factors

Alternatively, Plaintiff urges the Court to remand the case pursuant to other discretionary factors—most notably, judicial economy:

> The instant matter is in its earliest stages of litigation. No substantive motions have been filed, no discovery has been conducted, and no trial date has been set. Neither the federal court nor the state court has invested significant judicial resources in this case. Therefore, remanding the case to state court would not result in a duplication of effort or waste of judicial resources by any party involved.

(Doc. No. 4 at PageID 70.) Stated differently, Plaintiff believes the nascency of the case weighs in favor of remand. Again, the Court disagrees.

In determining whether to exercise supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). "Where judicial economy would not be served and the case does not raise complex or novel issues of state law, [courts have] previously retained supplemental jurisdiction." *Carmicle*, 2014 WL 2781158, at *2. It is true, this case is in the early stages of litigation, so an insubstantial amount of federal judicial resources have been expended

10

thus far. But the same can be said about state judicial resources, given that "[n]either the federal nor the state court has invested significant judicial resources in this case." (Doc. No. 4 at PageID 70.) Contrary to Plaintiff's contention, the judicial economy factor is neutral at best. *See Lee v. Detroit Med. Ctr.*, No. 05-CV-70754, 2005 WL 8155096, at *2 (E.D. Mich. July 22, 2005) ("Denying the motion to remand best serves judicial economy and the convenience of the parties at this early stage of the litigation.").

Finally, Plaintiff points to the convenience of the parties in support of his alternative basis for discretionary remand. (Doc. No. 4 at PageID 71.) Plaintiff believes remand would not be inconvenient because "[t]he parties have already prepared to litigate this case in state court, and the state courthouse is located in Dayton, Ohio, the same city as the federal courthouse." (*Id.*) It follows, then, that it would be equally convenient—or inconvenient—for the parties to litigate the case across the street in federal court. As above, the convenience factor is similarly neutral.

Based on the Court's subject matter jurisdiction over the case in its entirety, the lack of substantial predomination of Plaintiff's state claims, and the neutrality of the other discretionary factors, the Court sees no reason to remand a properly removed case to state court. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand (Doc. No. 4).

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Remand (Doc. No. 4).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, January 14, 2026.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE